IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

JANET ZARATE, *Petitioner/Appellee,*

*v.*

ADRIANA RIOS, *Respondent/Appellant.*

No. 1 CA-CV 25-0810 FC

FILED 07-09-2026

Appeal from the Superior Court in Maricopa County
No.  FN2025-092502
The Honorable Lisa C. Boddington, Judge *Pro Tempore*

**VACATED AND REMANDED**

COUNSEL

Moshier Law, Phoenix
By Trail Potter
*Counsel for Petitioner/Appellee*

Genesis Legal Group, Gilbert
By Ryan Claridge
*Counsel for Respondent/Appellant*

---

**OPINION**

---

Judge James B. Morse Jr. delivered the opinion of the Court, in which Presiding Judge Andrew M. Jacobs and Judge Brian Y. Furuya joined.

---

**M O R S E**, Judge:

**¶1**          Adriana Rios ("Grandmother") appeals the superior court's grant of an order of protection, sought by Janet Zarate ("Mother"), that prohibits her from having contact with her 12-year-old grandchild ("Child"). Because Mother's petition constituted a non-emergency legal decision, and because Grandmother's son, Carlos Rios II ("Father") holds sole legal decision-making authority for Child, Mother lacked the authority to file the petition, which Father opposed. Accordingly, we vacate the order of protection.

### FACTS AND PROCEDURAL BACKGROUND[1]

**¶2**          Child is the daughter of Mother and Father. In August 2024, the family court awarded Father sole legal decision-making authority and limited Mother to supervised parenting time based on domestic violence committed by Mother against Child and her siblings and concerns about Mother's mental health.

**¶3**          In early July 2025, Mother petitioned for an ex parte order of protection on behalf of Child against Grandmother. The petition alleged that, in late May 2025, Grandmother yelled at Child, slapped Child's face, and threw a phone at Child. The petition also alleged that Child felt "unsafe" at Father's home, where Grandmother lived. The court granted the order, and Grandmother requested a hearing.

**¶4**          At the contested hearing, Mother presented evidence of Child's statements to her, a statement from the parenting-time supervisor, an emailed poem and letter Mother claimed Child authored, and a police report that supported the petition's allegations of Grandmother's physical violence towards Child. Grandmother's counsel objected to the admission of the emailed poem and letter because of the inability to cross-examine

---

[1]       "We view the evidence in the light most favorable to upholding the trial court's ruling." *Mahar v. Acuna*, 230 Ariz. 530, 532, ¶ 2 (App. 2012).

Child.  The superior court overruled the objection.  Grandmother and Father both testified that no domestic violence occurred, and Grandmother testified Mother might have fabricated the emailed poem.  The superior court found Grandmother had committed an act of domestic violence by a preponderance of the evidence and affirmed the order of protection.

**¶5**        Grandmother timely appealed and we have jurisdiction under A.R.S. § 12-2101(A)(5)(b). *See also* Ariz. R. Prot. Ord. P. 42(a)(2), (b)(2).

## DISCUSSION

**¶6**        Grandmother argues that Mother lacked authority to file the petition for an order of protection on behalf of Child.  Grandmother also argues Mother failed to present sufficient evidence to support the order of protection and the superior court violated her due process rights by denying her the opportunity to cross-examine Child.  She further contends that granting the order of protection "de facto reversed" the family court's prior parenting-time and legal decision-making order.

### I.    Mother's Legal Authority.

**¶7**        Grandmother argues that Mother lacked legal authority to bring this petition on behalf of Child because Father held sole legal decision-making authority.  Mother counters that, because she is one of Child's parents, she has the authority to file a petition for an order of protection on Child's behalf.  *See* A.R.S. § 13-3602(A); Ariz. R. Prot. Ord. P. 5.

**¶8**        We review "a superior court's decision to continue an order of protection after a contested hearing" for an abuse of discretion. *Flynn v. Flynn*, 257 Ariz. 1, 3, ¶ 7 (App. 2024).  We review any questions of law de novo. *Michaelson v. Garr*, 234 Ariz. 542, 544, ¶ 5 (App. 2014).  Mother is correct that A.R.S. § 13-3602(A) permits a parent to petition for a protective order on behalf of their child.  However, Mother's parenting authority has been substantially limited under A.R.S. § 25-401 by the family-court order giving Father sole legal decision-making authority for Child.  Because both statutes address a parent's authority, we strive "to give effect to all of the provisions involved." *Stambaugh v. Killian*, 242 Ariz. 508, 509, ¶ 7 (2017); *see also State ex rel. v. Farley*, 106 Ariz. 119, 122 (1970) (stating statutes that "relate to the same subject" should be "construed as one system governed by one spirit and policy").

**¶9**        By statute, "'[l]egal decision-making' means the legal right and responsibility to make all nonemergency legal decisions for a child

including those regarding education, health care, religious training and personal care decisions." A.R.S. § 25-401(3). "'Sole legal decision-making' means one parent has the legal right and responsibility to make major decisions for a child." A.R.S. § 25-401(6).

¶10 The decision to file a petition seeking an order of protection is a legal decision. But, under the family court's order, Father has the right to make "all" such decisions in non-emergency situations. *See* A.R.S. § 25-401(3), (6). Our supreme court has recognized the breadth of authority encompassed in a grant of sole legal decision-making authority. *Nicaise v. Sundaram*, 245 Ariz. 566 (2019). Noting a parent with *joint* legal decision-making authority can "establish a bank account for the child, take the child to a doctor, and exercise other nonemergency legal authority on behalf of the child," the superior court impliedly concluded a parent without legal decision-making authority cannot take any of these actions. *See id*. at 568–69, ¶¶ 14–15 (distinguishing "shared legal decision-making" when parents have joint legal decision-making authority from the "unshared" authority created by sole legal decision-making).

¶11 Thus, Mother could only seek the order of protection if doing so was an emergency decision that would fall outside of A.R.S. § 25-401(3). The timing and circumstances do not suggest that this was an emergency decision. In the petition, Mother alleged events that had occurred more than 30 days before she filed the petition. And while the petition alleged an act of domestic violence, it does not allege any exigent threat to Child's safety. *Compare* A.R.S. § 13-3602 (providing the procedure and requirements for an order of protection) *with* A.R.S. § 13-3624 (providing the same for emergency orders of protection based on a showing of "immediate and present danger of domestic violence based on an allegation of a recent incident of domestic violence"). Mother's petition did not allege that she was seeking an emergency order of protection. Under these facts, Mother's decision to seek an order of protection was not an emergency legal decision. *See* A.R.S. § 25-401(3). Given Father's sole legal decision-making authority, and the lack of any emergency, Mother lacked the legal authority to petition for a protective order on Child's behalf over Father's opposition.

¶12 Moreover, under A.R.S. § 25-411(A), Mother may petition to modify legal decision-making and parenting time if "there is reason to believe the child's present environment may seriously endanger the child's physical, mental, moral or emotional health" or if there is evidence that domestic violence has occurred since the prior order. While Mother's lack of legal decision-making authority limits her ability to petition for an order of protection here, she may seek relief through the procedures set forth in

Title 25, and the family court retains its supervisory authority over the subjects of her petition. Accordingly, we vacate the order of protection and do not address the other arguments raised by the parties.

## II.    Attorney Fees.

**¶13**        Mother requests attorney fees and costs under ARCAP 21, Arizona Rules of Protective Order Procedure 2 and 39, and A.R.S. § 25-324. We decline to award Mother attorney fees and costs. However, Grandmother, as the successful party, is entitled to recover her costs upon compliance with ARCAP 21. *See* A.R.S. § 12-341.

## CONCLUSION

**¶14**        For the foregoing reasons, we vacate the order of protection and remand for further proceedings consistent with this opinion.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR